48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney JORDAN, Defendant-Appellant.
 No. 94-3623.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Rodney Jordan appeals the sentence imposed by the district court subsequent to his plea of guilty of attempting to possess cocaine base with an intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. For the reasons that follow, we VACATE the defendant's sentence and REMAND for further proceedings consistent with this order.
 
 
 2
 Our decision in this case is driven by the unique circumstances presented and is strictly limited to the facts of this case. In December 1992, defendant's supplier sent defendant five kilograms of cocaine powder. The quality of the cocaine was inferior, and after customers complained, Jordan's supplier tested the cocaine, found it inferior and gave Jordan a credit toward his next purchase. Thereafter, Jordan ordered six kilograms of cocaine powder.
 
 
 3
 Before delivery of that order occurred, an informant contacted the Drug Enforcement Agency ("DEA") and told the agency that he had been hired to deliver six kilograms of cocaine base to defendant. The informant later gave the drugs to the DEA, who then set up a controlled delivery of "dummy kilograms" of cocaine base. Jordan accepted delivery of the packages, put them in his trunk and immediately was arrested.
 
 
 4
 Notwithstanding the facts, defendant pleaded guilty to Count Two of the Indictment, charging defendant with attempting to possess cocaine base with an intent to distribute. The Indictment failed to specify the amount of cocaine base with which defendant was charged. The Plea Agreement, signed by Jordan, stated that he would enter a plea of guilty to Count Two, "attempt to possess with intent to distribute cocaine base in excess of fifty (50) grams...." (J.A. at 16.) The precise quantity of cocaine base to which defendant pleaded guilty was not illuminated during the plea, thus setting the stage for the district court's sentencing error. At the time defendant entered his plea, the district court relied upon the testimony of Agent Tom Lipps, FBI Safe Street Task Force, to establish the relevant conduct. Lipps related the facts regarding the supplier's decision to substitute the cocaine base for the powder. According to Lipps, the informant verified that Jordan never ordered cocaine base, and that Jordan had no knowledge that cocaine base would be substituted for the cocaine powder actually ordered. Jordan expected to receive a small amount of cocaine base, approximately fifty grams, and some heroin in addition to the cocaine powder he ordered. At no time during the plea colloquy did the government or defense counsel clarify that the cocaine powder defendant ordered would be considered cocaine base. Moreover, defense counsel mistakenly portrayed the Plea Agreement as contemplating an attempt to possess with intent to distribute cocaine base in excess of thirty grams, thereby lending credence to Jordan's belief that he pleaded guilty to receipt of the fifty grams of cocaine base that he expected to receive, not six kilograms of cocaine base that he never ordered.
 
 
 5
 Defendant, therefore, objected to the Presentence Report, which computed defendant's offense level based on six kilograms of cocaine base not powder, as overstating the quantity of drugs. Defendant continued to object to the quantity of drugs attributed to him during the hearing conducted to resolve his objection and also at sentencing. The district court did not resolve defendant's objection in his favor. Rather, the district court mistakenly characterized defendant's assertion that he ordered six kilograms of cocaine powder and had no knowledge that cocaine base would be sent instead as an "unsupported assertion" and not the "best indicia of truth." Further, the district court found that even if it accepted defendant's assertion, that the "uncontroverted" fact remained that defendant "was in possession of a container of 6 kilos of crack." (J.A. at 9-10.) Therefore, when defendant was sentenced, the calculation upon which the sentence was based included the six kilograms of cocaine base that defendant never intended to possess and never in fact possessed. The district court's finding is clearly erroneous given the defendant's statement, the agent's testimony and the government's concession that Jordan never ordered cocaine base, and that defendant received a "dummy" delivery so he never possessed the substituted cocaine base.
 
 
 6
 Given the confusion that resulted from the government's failure to specify an amount of cocaine base in the Indictment, the government's failure to clarify the amount of cocaine base for which defendant pleaded guilty during the plea hearing, and the government's exacerbation of the confusion by its admission during oral argument in this court, that defendant believed he would receive six kilograms of cocaine powder, not cocaine base, we set aside the sentence.
 
 
 7
 Accordingly, we REMAND this matter to the district court for resentencing on the undisputed fact that defendant attempted to possess with intent to distribute just over fifty grams of cocaine base, six kilograms of cocaine powder and two ounces of heroin. Also attributable to defendant is the five kilograms of cocaine powder ordered and received before the time of his arrest.